**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

*Filed Electronically*

DANIELLE GOSS and                      )
SHAWN GOSS                             )
                                       )
                 Plaintiffs            )
                                       )
         v.                            )     Case No. ___3:23CV-146-CHB___
                                       )     Removed from Nelson Circuit Court
SAFECO INSURANCE COMPANY OF            )     22-CI-00531
AMERICA                                )
                                       )
                 Defendants.           )
                                       )

---

**NOTICE OF REMOVAL**

---

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Safeco Insurance Company of America ("Safeco"), by filing this Notice of Removal and related papers, removes this action from the Nelson Circuit Court, Nelson County, Kentucky, where it is currently pending as Civil Action No. 22-CI-00531 to the United States District Court for the Western District of Kentucky, Louisville Division.

    **I.**    **The State Court Action, Amount in Controversy, and Timeliness of Removal**

    1.    On November 18, 2022, Plaintiffs filed a Complaint in Nelson Circuit Court, Civil Action No. 22-CI-00531 (the "State Court Action"). As required by 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders from the State Court Action are attached to this Notice as **Exhibit A**.

2.      Safeco issued a homeowner's insurance policy to Plaintiffs, policy number OK 6619479, for the policy period from August 6, 2021 to August 6, 2022 for an insured location at 148 Deep Springs Drive, Bardstown, Kentucky (the "Policy").

3.      The Policy is subject to coverage limits of $280,000 for property damage (Coverage A) and $56,000 for loss of use/ additional living expenses (Coverage D).

4.      According to the Complaint, "[t]he dwelling suffered a water loss on December 13, 2021." (Ex. A, Compl., ¶ 8). Plaintiffs allege that Safeco breached the Policy by underpaying and/or improperly denying their claim arising from this water loss. (*See id.* ¶¶ 10–13).

5.      The Complaint requests a judgment awarding Plaintiffs "compensatory damages up to and including the limit provided for under policy OK6619473," any and all consequential damages incurred, costs, a trial by jury, and "[a]ny and all other relief that the Court deems just and proper."

6.      The Complaint did not state a sum certain demand and Safeco lacked sufficient information, at the time the Complaint was filed, to ascertain the total damages sought by Plaintiffs. Therefore, Safeco propounded interrogatories and requests for production on Plaintiffs seeking clarification of the amount in controversy.

7.      On March 10, 2023, Plaintiffs served their discovery responses. Plaintiffs averred that they are seeking insurance coverage for catastrophic damage to their property, including "repairing of water pipe manifold due to freezing and bursting," replacing duct work, water restoration services, mold air sampling, spraying of insulation, replacement of cabinets, tile replacement, sidewalk repair, replacement of hardwood floors, window replacement, and countertop replacement. Plaintiffs state that they further seek coverage for their temporary rental

house, replacement of clothing, the cost of food delivery, and utilities while they were out of their house.

8. Plaintiffs assert that they are entitled to $148,329.84 in coverage under the Policy for these losses, costs, and expenses. Plaintiffs' discovery responses are attached to this Notice as **Exhibit B**. Thus, the amount in controversy is well in excess of $75,000. "[I]n disputes involving the applicability of an insurance policy to a particular occurrence, the amount in controversy is the value of the underlying claim." *State Auto Mut. Ins. Co. v. Hancock*, 2019 WL 6352650, at *2 (W.D. Ky. Nov. 27, 2019) (citing *Jordan Ice Co. v. Grange Mut. Cas. Co.*, No. CIV.A. 06-142-DLB, 2006 WL 3497767, at *2 (E.D. Ky. Dec. 4, 2006)).

9. Further, this removal is timely as it is filed within 30 days after Safeco's receipt of a "paper"—namely, Plaintiffs' discovery responses—establishing that Plaintiffs seek more than $75,000 in this action. *See* 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable[.]").

## II.    Diversity of Citizenship

10. Plaintiffs are citizens and residents of Kentucky. (See Compl., ¶ 1).

11. Defendant Safeco is an insurance company organized under the laws of New Hampshire, with its principal place of business in Massachusetts. Safeco is not a limited liability company and is not a citizen of Kentucky.

12. Removal of the State Court Action is proper under 28 U.S.C. § 1441(b), and this Court has subject matter jurisdiction under 28 U.S.C. § 1332, because there exists complete diversity of citizenship between the Plaintiffs (citizens of Kentucky) and the Defendant (a citizen

of New Hampshire and Massachusetts, pursuant to 28 U.S.C. § 1332(c)(1)). The exception in 28 U.S.C. § 1332(c)(1) does not apply because Kentucky is not a "direct action" jurisdiction, and Plaintiffs' claims are based on their alleged status as a first party "insured."

**III.    Venue and Notice in the State Court Action**

13.    The United States District Court for the Western District of Kentucky at Louisville is the district and division embracing the place where the action is pending (Nelson County, Kentucky). 28 U.S.C. § 1441(a); 28 U.S.C. § 97(b); LR 3.1(b)(1).

14.    Pursuant to 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal will be served on Plaintiffs' counsel and filed with the Clerk of the Nelson Circuit Court. A copy of Safeco's written notice is attached as **Exhibit C**.

WHEREFORE, Safeco gives notice that this action is removed to this Court and submits that this Court's jurisdiction is properly invoked in this action.

Respectfully submitted,

/s/ *Samuel W. Wardle*
Douglas W. Langdon (KBA # 83084)
J. Kendrick Wells IV (KBA # 90209)
Samuel W. Wardle (KBA # 97365)
FROST BROWN TODD LLC
400 West Market Street, 32nd Floor
Louisville, Kentucky 40202-3363
Phone: (502) 589-5400
Fax: (502) 581-1087
dlangdon@fbtlaw.com
kwells@fbtlaw.com
swardle@fbtlaw.com

*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and also served by electronic transmission and/or depositing the same in the United States Mail, postage prepaid, on March 27, 2023 to:

Justin B. May, Esq.
John Ritter, Esq.
4919 Dixie Highway
Suite B
Louisville, KY 40216
jmay@dixielawgroup.com
jritter@dixielawgroup.com
*Counsel for Plaintiffs*

*/s/ Samuel W. Wardle*
*Counsel for Defendant*

0000T69.0764436  4854-4315-2472v6